# Exhibit B

THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEMOND LAVELLE BABB, a single person,

          Plaintiff,

v.

SOUTH CORRECTIONAL ENTITY, a Washington Municipal Corporation; and "JOHN DOES" 6-15, and "JANE DOES" 6-15, husbands and wives,

          Defendants.

No. 3:18-CV-05215-RJB

AMENDED COMPLAINT FOR DAMAGES

COMES NOW the plaintiff, DEMOND LAVELLE BABB, by and through his attorney, DEOLA LEBRON, and by way of complaint for damages alleges as follows:

I. PARTIES, JURISDICTION AND VENUE

1.1 Plaintiff, DEMOND LAVELLE BABB, is and, at all times material to the claims herein, was a resident of Portland, Oregon.

1.2 Defendants "JOHN DOES 6-15" are and, at all times material to the claims herein, residents of the State of Washington, employees, officials or agents of SOUTH CORRECTIONAL ENTITY and married to defendants "JANE DOES 6-15". All acts and omissions of "JOHN DOES" 6-15 were

AMENDED COMPLAINT - Page 1 of 7

LEBRON LAW GROUP
3615 STEILACOOM BLVD. SW SUITE 301
LAKEWOOD, WA 98499
TEL. 253.589.0909
FAX 253.267.0626

done in the course and within the scope of their employment with the SOUTH CORRECTIONAL ENTITY and on behalf of their marital communities.

1.3   Defendant SOUTH CORRECTIONAL ENTITY (hereinafter, SCORE) is and, at all times material to the claims herein, was a Washington Municipal Corporation located in King County, Washington.

1.4   The acts and omissions complained of herein occurred in Pierce County and King County, Washington.

1.5   Plaintiff provided notice of his claims to the Defendant municipal corporations more than sixty days before commencing this action.

1.6   This Court has full and proper jurisdiction over the subject matter herein.

1.7   Venue properly lies with this Court.

## II. FACTS

2.1   On December 25, 2014, PLAINTIFF was arrested on a Tacoma Municipal Court warrant at the Tacoma Amtrak Station at 1001 Puyallup Avenue, Tacoma, Washington by Tacoma Police Officers.

2.2   PLAINTIFF suffers from a chronic seizure disorder, from which he suffered on December 25, 2014 and for many years prior and for which he had been diagnosed well before December 25, 2014.

2.3   At the time of his arrest, PLAINTIFF had in his possession a backpack that contained his seizure disorder medication. Upon his arrest, the Tacoma Police Officers took possession of PLAINTIFF'S backpack and his medications.

2.4   Pursuant to agreement between the City of Tacoma and the City of Fife, at all times material to the claims herein, persons arrested for misdemeanors committed within the City of Tacoma or upon

AMENDED COMPLAINT - Page 2 of 7

LEBRON LAW GROUP
3615 STEILACOOM BLVD. SW SUITE 301
LAKEWOOD, WA 98499
TEL. 253.589.0909
FAX 253.267.0626

Tacoma Municipal Court Warrants were taken to Fife Jail for booking, in custody court appearances and where they were held in custody pretrial and served their sentences on Tacoma Municipal Court matters.

2.5   After his arrest, the Officers transported PLAINTIFF to the Fife Jail located in the City of Fife, Washington.

2.6   During the period of time from his arrest to his arrival at the Fife Jail, PLAINTIFF informed the Tacoma Police Officers of the disorders from which he suffered, that his medications for control of both disorders were in the backpack they had taken from him and that it was critical that the medications accompany him wherever he was being taken so that he could continue to take it as prescribed.

2.7   Upon arrival at the Fife Jail, PLAINTIFF was booked into the facility. During the booking process, PLAINTIFF informed the Fife Jail personnel of the seizure disorder from which suffered, that his medicine was in the backpack taken by the Tacoma Police officers during his arrest and that it was critical that his medicine accompany him so that he could continue to take it as prescribed.

2.8   The Tacoma Police officers attempted to turn over PLAINTIFF'S backpack with his medications to the Fife Jail when they turned him over, but the Fife Jail refused to accept PLAINTIFF'S medications.

2.9   Despite what PLAINTIFF had told them, Fife Jail personnel refused to take possession of PLAINTIFF'S backpack or his medications.

2.10  Pursuant to agreement between the City of Fife and defendant SOUTH CORRECTIONAL ENTITY, defendant SOUTH CORRECTIONAL ENTITY housed Fife Jail inmates who needed medical attention.

AMENDED COMPLAINT - Page 3 of 7

LEBRON LAW GROUP
3615 STEILACOOM BLVD. SW SUITE 301
LAKEWOOD, WA 98499
TEL. 253.589.0909
FAX 253.267.0626

2.12 It was noted in the Booking Detail Report regarding PLAINTIFF that, *"[Inmate] stated that he has bad seizures, and that he had one hours prior to his arrest."* The officer added, *"Sent to SCORE based on medical evaluation (Seizures)…"*

2.13 During the time PLAINTIFF was at the Fife Jail, despite his specific requests to jail personnel for is scheduled doses of his medications, no medication was provided him.

2.14 PLAINTIFF was subsequently transported from the Fife Jail to SCORE, where he was booked into the facility. However, neither PLAINTIFF'S backpack nor his medications were brought with him or turned over to SCORE.

2.15 During the booking process at SCORE, PLAINTIFF informed defendants "JANE DOES 6-15" of the bipolar I disorder and seizure disorder from which suffered, that he had suffered a grand mal seizure earlier that day, that his medicine was in the backpack taken by the Tacoma Police officers during his arrest and that it was critical that he continue to take his medications as prescribed. He also identified the medications and the medical provider who had prescribed them so that replacement medication could be obtained if necessary.

2.16 Among other factors identified for determining his housing at SCORE, included was a notation for *"Medical Issues."* PLAINTIFF was then assigned to housing equipped with video and audio surveillance as well as emergency call buttons. He was not, however, provided any medications for either disorder.

2.17 After being placed in his housing unit at SCORE, PLAINTIFF began to suffer intense grand mal seizures that were clearly observable on the video monitors and documented. Visible in the video footage is PLAINTIFF as his body is repeatedly twisted in unnatural shapes with each seizure, and his laborious attempts to claw his way to the call button, screaming out in pain for help. But no

AMENDED COMPLAINT - Page 4 of 7

LEBRON LAW GROUP
3615 STEILACOOM BLVD. SW SUITE 301
LAKEWOOD, WA 98499
TEL. 253.589.0909
FAX 253.267.0626

one comes. This happened so many times and so severely that PLAINTIF'S left shoulder dislocated and his left humerus fractured.

2.18    PLAINTIFF was held in custody at SCORE from the time of his arrival at 20:52 on December 25, 2014 until his release late at night on December 30, 2014. During that time PLAINTIFF received grossly inadequate medical treatment from defendants SCORE and "JOHN DOES 6-15" and who neither restored his humerus to its proper place in the shoulder, repaired his fractured humerus nor addressed the severe and continual pain he was experiencing.

2.19    Immediately upon his release, PLAINTIFF went directly to the Tacoma General Emergency Room and sought treatment. However, because his shoulder had remained dislocated so long and during which he endured constant, intense pain, the medical personnel in the emergency room were unable to perform the typical and simple procedure of "closed reduction" of the dislocated shoulder. Despite administering ever higher doses of medications to address the pain associated with the "closed reduction" procedure, with every attempt, the pain would cause PLAINTIFF to become immediately alert and start thrashing around, interfering with their attempts. Hospital personnel had to abandon the attempts in the ER and scheduled PLAINTIFF for orthopedic surgery under general anesthesia.

2.20    The orthopedic surgery was successful in restoring the humerus to its correct location in the shoulder; however, care had to be taken to assure that the fracture in the humerus was not exacerbated in the process. No attempt was made at that time to repair the humerus. It was determined that repair of the humerus would await PLAINTIFF's return to Portland.

2.21    On January 27, 2015, PLAINTIFF underwent surgery to repair the fracture to his humerus in the Portland area where he lives.

AMENDED COMPLAINT - Page 5 of 7

LEBRON LAW GROUP
3615 STEILACOOM BLVD. SW SUITE 301
LAKEWOOD, WA 98499
TEL. 253.589.0909
FAX 253.267.0626

III. FIRST CAUSE OF ACTION
Tort of Outrage

3.1  PLAINTIFF realleges and incorporates herein the foregoing paragraphs 1.1 through 2.21.

3.2  Despite their knowledge of PLAINTIFF'S seizure disorder, defendants "JOHN DOES 6-15" failed to administer PLAINTIFF his seizure medicine and engaged in extreme and outrageous conduct ow which PLAINTIFF was a direct recipient that caused severe emotional distress to PLAINTIFF.

2.3  Despite their knowledge of PLAINTIFF'S seizure disorder and observing PLAINTIFF on the video surveillance system experience multiple grand mal seizures of such force that his shoulder was posteriorly dislocated, SOUTH CORRECTIONAL ENTITY correctional officers included within "JOHN DOES 6-15" ignored PLAINTIFF'S repeated calls for aid and did nothing. That extreme and outrageous conduct of which PLAINTIFF was a direct recipient caused severe emotional distress to PLAINTIFF.

3.4  Defendants among "JOHN DOES 6-15" intentionally or recklessly caused the emotional distress.

3.5  The actions of defendants "JOHN DOES 6-15" occurred in the course and scope of their employment with defendant SOUTH CORRECTIONAL ENTITY and defendant SOUTH CORRECTIONAL ENTITY is liable, therefore.

IV. SECOND CAUSE OF ACTION
Negligent Infliction of Emotional Distress

4.1  Plaintiff realleges and incorporates herein the foregoing paragraphs 1.1 through 2.21.

4.2  By failing administer PLAINTIFF's medications, defendants "JOHN DOES 6-15" negligently caused severe emotional distress to PLAINTIFF that was exhibited by objective symptomology.

4.3  SOUTH CORRECTIONAL ENTITY correctional officers included within "JOHN DOES 6-15" had the duty, among other things, to continuously monitor PLAINTIFF and other inmates housed in that area on the facility's video monitoring system and deal with any issues that arose, including

AMENDED COMPLAINT - Page 6 of 7

LEBRON LAW GROUP
3615 STEILACOOM BLVD. SW SUITE 301
LAKEWOOD, WA 98499
TEL. 253.589.0909
FAX 253.267.0626

rendering aid if needed. PLAINTIFF experienced multiple grand mal seizures of such force that his shoulder was posteriorly dislocated, which were clearly observable on the video surveillance system as grand mal seizures. Nevertheless, the SOUTH CORRECTIONAL ENTITY correctional officers monitoring PLAINTIFF when he suffered the seizures failed to render aid to PLAINTIFF due to their negligent breach of their duties. That negligence caused severe emotional distress to PLAINTIFF that was exhibited by objective symptomology.

4.4   The actions of defendants "JOHN DOES 6-15" occurred in the course and scope of their employment with defendant SOUTH CORECTIONAL ENTITY, and defendant SOUTH CORECTIONAL ENTITY is liable therefore.

WHEREFORE, having asserted her claims against Defendant herein, Plaintiff prays for relief as follows:

A.   For judgment against Defendants, jointly and severally, for Plaintiff's damages;

B.   For such other and further relief that the court deems just and equitable.

DATED this _____ day of September, 2019.

DEOLA LEBRON, WSBA # 41290
Attorney for Plaintiff

AMENDED COMPLAINT - Page 7 of 7

LEBRON LAW GROUP
3615 STEILACOOM BLVD. SW SUITE 301
LAKEWOOD, WA 98499
TEL. 253.589.0909
FAX 253.267.0626